United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

GREGORY A. KOSINOVSKY,

Plaintiff,

v.

LAWRENCE LIVERMORE NATIONAL SECURITY, LLC,

Defendant.

Case No. 25-cv-10196-LB

**ORDER**

Re: ECF Nos. 51, 54

## INTRODUCTION

The plaintiff, Gregory Kosinovsky, who represents himself, sued his former employer, Lawrence Livermore National Security, LLC (LLNS), for employment discrimination. He challenges a performance appraisal and the termination of his employment.[1] He moves under Rule 16(b)(4) to extend the fact-discovery cutoff by six months, from February 12 to August 12, 2027, and to move every later date, including the May 24, 2027 trial, by the same six months.[2] LLNS opposes a six-month continuance but does not oppose extending the fact-discovery cutoff to April

[1] First Am. Compl. – ECF No. 34. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 51 at 1, 4.

30, 2027.[3] Kosinovsky also asks for leave to file a reply.[4]

The court grants the motion in part: it extends the fact-discovery cutoff to April 30, 2027, resets the dispositive-motion, pretrial, and trial dates as set out in the Conclusion, and otherwise denies the motion. Kosinovsky has pursued discovery diligently, and the discovery he identifies is discrete: responses to a second set of written discovery, four one-hour depositions, and a dispute about whether LLNS has produced everything responsive to his first document requests. The eleven weeks that LLNS does not oppose give him room to finish that discovery after the court resolves the parties' disputes through the joint-letter process in the court's standing order.

## STATEMENT

Kosinovsky filed this case on November 25, 2025, and amended his complaint on April 2, 2026.[5] The court's February 12, 2026 scheduling order (1) set a fact-discovery cutoff of February 12, 2027, (2) a dispositive-motion date of February 11, 2027, (3) expert disclosures on February 26, 2027, (4) an expert-discovery cutoff of April 30, 2027, (5) a meet-and-confer on pretrial filings on March 29, 2027, (6) a final pretrial conference on May 13, 2027, and (7) trial on May 24, 2027.[6]

Kosinovsky served his first requests for production on February 24, 2026. At LLNS's request (its counsel was in trial), he agreed to three extensions of the response deadline, to May 29.[7] LLNS served written responses on June 3 and made its production of about 3,000 pages available through a file-sharing link on June 8. Kosinovsky did not download it. On June 30, he wrote that he had received no documents, LLNS's counsel replied that the link had expired, and counsel sent a new one.[8] In July, Kosinovsky identified gaps in the production. On July 22, the court ordered

---

[3] Opp'n – ECF No. 53 at 5.

[4] Admin. Mot. – ECF No. 54.

[5] Opp'n – ECF No. 53 at 1.

[6] Scheduling Order – ECF No. 23; Mot. – ECF No. 51 at 4.

[7] Ex. A to Kosinovsky Decl. – ECF No. 51-2 at 1–2; Anderson Decl. – ECF No. 53-1 at 2 (¶ 2).

[8] Ex. 1 to Anderson Decl. – ECF No. 53-2 at 2–3; Ex. A to Kosinovsky Decl. – ECF No. 51-2 at 6; Anderson Decl. – ECF No. 53-1 at 2 (¶ 2).



United States District Court
Northern District of California

the parties to confer. They met on July 30, and after further correspondence, LLNS supplemented its production on August 13 and 20. It said that it had searched for the communications Kosinovsky identified and had produced all nonprivileged ones, and that two late-produced items had been held up by "encryption issues."[9] On September 18, Kosinovsky wrote that the supplemental production referred to other communications that LLNS had not produced and asked LLNS to produce them, or confirm that it could not locate them, by September 25. The record does not show a response.[10] LLNS's position is that it confirmed in August that its production is complete and that Kosinovsky has not moved to compel.[11]

Other discovery has proceeded. Kosinovsky deposed Jennifer Szutu, LLNS's Director of Staff Relations, on June 12.[12] LLNS served written discovery on him in March. Kosinovsky's responses were due May 1, and he served them on May 25.[13] LLNS answered his first set of interrogatories on October 13, and on October 19, Kosinovsky wrote that the answers were deficient and asked LLNS to supplement them.[14] The parties have scheduled his deposition for November 10 in Charlotte, North Carolina, where he lives.[15]

On September 24, Kosinovsky served a second set of 13 interrogatories and 13 requests for production. On October 26, LLNS asked for a two-week extension, to November 9, so that the parties could discuss its objections. Kosinovsky said he would agree only if LLNS withdrew its objections to four depositions that he had requested (discussed next). LLNS served responses that day; every response consisted of objections.[16] The parties have not conferred about the responses,

---

[9] Ex. A to Kosinovsky Decl. – ECF No. 51-2 at 6–9; Ex. 2 to Anderson Decl. – ECF No. 53-3 at 2, 4, 6, 8; Anderson Decl. – ECF No. 53-1 at 2 (¶ 3).

[10] Ex. A to Kosinovsky Decl. – ECF No. 51-2 at 20–21.

[11] Opp'n – ECF No. 53 at 2–4.

[12] Mot. – ECF No. 51 at 2; Opp'n – ECF No. 53 at 2.

[13] Anderson Decl. – ECF No. 53-1 at 2 (¶ 4).

[14] Ex. 3 to Anderson Decl. – ECF No. 53-4 at 5–9.

[15] *Id.* at 3–4.

[16] Mot. – ECF No. 51 at 2; Kosinovsky Decl. – ECF No. 51 at 5 (¶ 4); Ex. 3 to Anderson Decl. – ECF No. 53-4 at 2–3; Anderson Decl. – ECF No. 53-1 at 2–3 (¶ 5).

and Kosinovsky does not ask the court to rule on the objections.[17]

On September 29, Kosinovsky asked LLNS to produce four employees for consecutive one-hour remote depositions: Hiranmayi Ranganathan, who wrote the challenged appraisal, and three project leads, Kathryn Mohror, Graham Kosiba, and Amar Saini, who gave input into it.[18] On October 9, LLNS declined. It said that Rule 30 does not require a party to produce employees who are not officers, directors, or managing agents, and that the depositions were not likely to yield relevant information.[19] On October 12, Kosinovsky sent a letter arguing that the four are managing agents because of their roles in the appraisal process. LLNS said it would respond that week but had not responded by October 28.[20] The parties are preparing a joint discovery letter on the issue, due November 6.[21]

On October 19, Kosinovsky asked LLNS to stipulate to a six-month extension of the schedule and asked for an answer within five business days. LLNS did not respond.[22] He filed this motion on October 28. The court ordered LLNS to respond by November 2; LLNS filed its opposition that day, and Kosinovsky asked for leave to file a three-page reply.[23] LLNS's counsel is unavailable for trial in November and December 2027.[24] As an alternative to denial, LLNS proposes extending the fact-discovery cutoff to April 30, 2027 (the current expert-discovery cutoff) without moving any other date.[25]

---

[17] Anderson Decl. – ECF No. 53-1 at 3 (¶ 5); Mot. – ECF No. 51 at 1, 4.

[18] Mot. – ECF No. 51 at 3; Ex. 4 to Anderson Decl. – ECF No. 53-5 at 3–4.

[19] Ex. 4 to Anderson Decl. – ECF No. 53-5 at 2 (citing *Ethypharm S.A. France v. Abbott Labs.*, 271 F.R.D. 82, 90–92 (D. Del. 2010)).

[20] Mot. – ECF No. 51 at 3; Kosinovsky Decl. – ECF No. 51 at 5 (¶ 5); Ex. C to Kosinovsky Decl. – ECF No. 51-4; Ex. 3 to Anderson Decl. – ECF No. 53-4 at 2.

[21] Anderson Decl. – ECF No. 53-1 at 3 (¶ 6).

[22] Ex. D to Kosinovsky Decl. – ECF No. 51-5; Kosinovsky Decl. – ECF No. 51 at 5 (¶ 6).

[23] Order – ECF No. 52; Opp'n – ECF No. 53; Admin. Mot. – ECF No. 54 at 1.

[24] Anderson Decl. – ECF No. 53-1 at 3 (¶ 7).

[25] Opp'n – ECF No. 53 at 5.

United States District Court
Northern District of California

## ANALYSIS

### 1. Governing Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (cleaned up). Prejudice to the opposing party "might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* If the moving party was not diligent, "the inquiry should end." *Id.*; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Diligence is necessary but not sufficient: the moving party also must show that the existing dates cannot reasonably be met.

### 2. A Limited Extension Is Warranted, Not a Six-Month Continuance

#### 2.1 Kosinovsky Has Been Diligent

Kosinovsky has pursued discovery diligently. He served document requests three months after filing the case, granted LLNS three extensions, pressed for the documents he thought were missing, conferred as the court ordered, served his second set of written discovery and his deposition requests with more than four months of fact discovery remaining, and sought a stipulation before filing this motion. LLNS's response (the month he took to download the June production, his late responses to LLNS's discovery, his conditional response to LLNS's request for more time on the second set, and his filing this motion without first conferring about LLNS's October 26 objections) do not show a lack of diligence.

#### 2.2 The Record Supports an Extension to April 30, 2027, but Not Six Months

Kosinovsky also must show that the schedule cannot reasonably be met, and on that point the record supports a limited extension, not the six months he asks for. More than three months of fact discovery remain. The outstanding discovery is discrete and can be accomplished faster than in six months.

First, LLNS objected to every request in the second set, and the parties have not conferred about the objections. The court's standing order requires them to meet and confer and, if they cannot resolve a dispute, to submit a joint letter brief. The court decides those letters promptly.[26] Kosinovsky's prediction that the disputes "may require court procedures" is not a reason to delay the case; it is a reason to use the procedure now.

Second, whether LLNS must produce Ranganathan, Mohror, Kosiba, and Saini for deposition under Rule 30(b)(1) is already before the court in the joint letter due November 6. The court will decide it. Either way, Kosinovsky can take the depositions — LLNS produces the witnesses, or he subpoenas them under Rule 45 — and he estimates one hour each. Four hours of testimony can be scheduled quickly once the court decides the issue.

Third, LLNS has represented that its production in response to the first document requests is complete. If Kosinovsky contends that documents referenced in that production remain unproduced, that too is a joint-letter dispute.

LLNS proposes extending the fact-discovery cutoff to April 30, 2027, and concedes that the additional eleven weeks would not prejudice it. The court adopts that proposal. It extends the fact-discovery cutoff to April 30, 2027, and resets the dispositive-motion, pretrial, and trial dates so that they follow the close of discovery. The expert-disclosure and expert-discovery dates remain in effect.

If the court's rulings on the disputes leave discovery that cannot reasonably be completed by April 30, 2027, Kosinovsky may move under Civil Local Rule 6-3 for a further targeted extension.[27]

---

[26] Civil Standing Order (discovery disputes).

[27] The court considers the reply, but credit's Kosinovsky's diligence and adopts the April 30 alternative for now without prejudice to a further targeted motion if the discovery cannot be completed by then.

United States District Court
Northern District of California

**CONCLUSION**

The court grants the motion to modify the case schedule in part and otherwise denies it. The fact-discovery cutoff is extended to April 30, 2027. This results in the following change to the schedule:

The last hearing date for dispositive motions is May 6, 2027. The meet-and-confer on pretrial filings is June 21, 2027, the final pretrial conference is August 5, 2027, and the jury selection and trial are August 16, 2027.

The expert-disclosure and expert-discovery dates in the scheduling order remain in effect. The extension is without prejudice to a further targeted motion under Civil Local Rule 6-3 if the court's resolution of the parties' discovery disputes leaves discovery that cannot reasonably be completed by April 30, 2027. The court denies the administrative motion for leave to file a reply.

This resolves ECF Nos. 51 and 54.

**IT IS SO ORDERED.**

Dated: November 3, 2026

LAUREL BEELER
United States Magistrate Judge