United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

GREGORY A. KOSINOVSKY,

Plaintiff,

v.

LAWRENCE LIVERMORE NATIONAL SECURITY, LLC,

Defendant.

Case No. 25-cv-10196-LB

**ORDER**

Re: ECF No. 60

**INTRODUCTION**

The plaintiff, Gregory Kosinovsky, who represents himself, sued his former employer, Lawrence Livermore National Security, LLC (LLNS), for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act and the California Fair Employment and Housing Act, age discrimination under the Age Discrimination in Employment Act, and defamation.[1] He contends that his fiscal-year 2024 performance appraisal retaliated against him for asking to keep working remotely as an accommodation. He asks the court to hold that four LLNS employees who had roles in that appraisal (Hiranmayi Ranganathan, his payroll supervisor, and Kathryn Mohror, Graham Kosiba, and Amar Saini, the project supervisors

[1] First Am. Compl. (FAC) – ECF No. 34. Record citations are to the ECF-stamped page numbers at the top of filed documents.

designated to give feedback on his work) are managing agents under Rule 30(b)(1), and to direct LLNS to produce them for one-hour remote depositions limited to the appraisal.[2] LLNS responds that the four are not managing agents and that the depositions would be an undue burden because the witnesses have no relevant information.[3]

The court orders LLNS to produce all four witnesses. The depositions are relevant and proportional: the appraisal is a challenged employment action, LLNS's own process assigned the four their roles in preparing it, and an hour each by remote means is a minimal burden. Whether the four are managing agents is at least a close question, and the court resolves that doubt in favor of allowing the depositions by notice, leaving for later whether their testimony binds LLNS.

**STATEMENT**

Kosinovsky worked for LLNS as a coder and, from February 2020, worked remotely from North Carolina.[4] In October 2024, LLNS revoked his remote-work status and ordered him back onsite by January 2, 2025. On October 22, 2024, he told LLNS that he would seek to continue remote work as an accommodation for his disability.[5] He alleges that his December 2024 annual review then retaliated against him: it contained "numerous false and hostile statements," faulted him for not contributing as a large-language-model expert when LLNS had hired him as a coder, lowered his ranking, and reduced his raise.[6]

LLNS's fiscal-year 2024 appraisal process has six steps. The payroll supervisor sets expectations (step one); the employee documents progress toward goals (step two); the payroll supervisor "solicits goals feedback from Project/Work Supervisor" (step three); the employee and payroll supervisor meet quarterly to discuss feedback (step four); the payroll supervisor summarizes the discussion (step five); and at the end of the period the payroll supervisor "writes

---

[2] Pl.'s Letter Br. – ECF No. 60 at 1–2.

[3] Def.'s Letter Br. – ECF No. 62 at 1–2.

[4] FAC – ECF No. 34 at 2–3 (¶ 12).

[5] *Id.* at 3 (¶¶ 13–15).

[6] *Id.* at 5 (¶¶ 22–23).

United States District Court
Northern District of California

annual summary and assigns a rating" (step six).[7] The fiscal-year 2024 appraisal names Ranganathan as Kosinovsky's payroll supervisor and Mohror, Kosiba, and Saini as his project/work supervisors.[8]

Kosinovsky says that Ranganathan's initial draft of the appraisal, prepared before his accommodation request, was favorable and rated him a "Solid Performer," and that her supervisor, James Gansemer, revised the draft after the request, added criticism that appeared in no earlier draft and no prior appraisal, and lowered the rating. The rating affected his raise.[9] He wants to ask Ranganathan what feedback she received from the project supervisors and what she knows about the chronology of and reasons for Gansemer's changes, and to ask Mohror, Kosiba, and Saini what work of his they supervised, what performance they observed, and what feedback they gave.[10] He does not seek testimony about his accommodation request or his termination.[11]

LLNS contends that none of the four has authority to exercise judgment in corporate matters, it does not rely on them to testify at its request, employees of higher authority controlled the appraisal, and the four have no responsibilities respecting the matters in the litigation. It says that only Ranganathan supervised Kosinovsky, she was a front-line supervisor whose appraisal the heads of his unit reviewed and approved, the other three did not supervise him or author the appraisal, and none of the four knew of his accommodation request or of the reasons for his termination.[12]

## ANALYSIS

### 1. The Depositions Are Relevant and Proportional

Parties may obtain discovery of any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case, considering the importance of the issues, the amount in

---

[7] FY24 Performance Appraisal and Quarterly Check-in, Ex. A to Pl.'s Letter Br. – ECF No. 60-1 at 1.

[8] Pl.'s Letter Br. – ECF No. 60 at 1 (citing the appraisal, Bates-numbered LLNS_001595, filed as Ex. D to ECF No. 58).

[9] *Id.* at 1.

[10] *Id.* at 1–2.

[11] *Id.* at 2.

[12] Def.'s Letter Br. – ECF No. 62 at 1–2.

controversy, the parties' relative access to information and their resources, the importance of the discovery in resolving the issues, and whether its burden or expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Relevance is not an exacting test: evidence is relevant if it has "any tendency" to make a fact of consequence more or less probable. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401). The party seeking discovery must show that it is relevant and proportional; the party resisting it must show why it should not be allowed and must support its objections with competent evidence. *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

The depositions are relevant. The complaint challenges the fiscal-year 2024 appraisal as retaliation, and the appraisal affected Kosinovsky's pay. His theory is that Ranganathan's draft was favorable, Gansemer added the criticism and lowered the rating after the accommodation request, and the criticism did not come from the project supervisors who were supposed to supply it. Whether the criticism rested on their feedback or originated with Gansemer bears on pretext. The four witnesses are the people LLNS's own process assigned to give and compile that feedback, and no one else can say what they observed, what they reported, and when.

LLNS's objections do not change that. Its point that the witnesses knew nothing about the accommodation request or the termination answers questions Kosinovsky is not asking: he seeks testimony only about the appraisal. Its point that the unit heads had final approval does not make the input irrelevant. The input is what is at issue. Its assertion that Mohror, Kosiba, and Saini "did not supervise" Kosinovsky does not square with the appraisal form, which names them as his project/work supervisors. And a Rule 30(b)(6) designee is not a substitute: a prepared designee can describe LLNS's process but cannot supply four witnesses' own recollections, and nothing in Rule 30 requires a party to proceed under Rule 30(b)(6) rather than Rule 30(b)(1). *See* Fed. R. Civ. P. 30(b)(1), (b)(6).

The depositions are proportional. Kosinovsky asks for about an hour with each witness, by remote means, scheduled consecutively where practicable, and limited to the appraisal. LLNS

United States District Court
Northern District of California

identifies no burden beyond the time itself. Four hours of testimony about the employment action at the center of the case is not an undue burden.

**2. The Managing-Agent Question Is Close Enough to Resolve in Favor of the Depositions**

A party may depose an opposing corporation's officer, director, or managing agent by serving a notice under Rule 30(b)(1); an employee who holds none of those positions must be subpoenaed under Rule 45. *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR), 2015 WL 5440789, at *5 (N.D. Cal. Sep. 15, 2015). Courts consider four factors in deciding whether an employee is a managing agent: (1) whether the employee has general powers to exercise judgment and discretion in corporate matters; (2) whether the employer can rely on the employee to testify at its request; (3) whether the employer has persons of higher authority in the area about which information is sought; and (4) the employee's general responsibilities respecting the matters involved in the litigation. *Id.* The party seeking the deposition must show at least a close question. If it does, "doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial." *Symantec Corp. v. Acronis, Inc.*, No. 11-cv-05310-EMC (JSC), 2013 WL 503612, at 3 (N.D. Cal. Feb. 8, 2013) (cleaned up). A title that includes the word "manager" is not enough. *Id.*

The first and third factors favor LLNS. No one contends that any of the four holds general powers of discretion in corporate matters, and Gansemer and the unit heads stood above all four in the appraisal process. The second factor favors Kosinovsky. All four are current LLNS employees, and LLNS does not contend that they would refuse to testify at its request. Its point that it "is not relying on" them misreads the factor, which asks whether the employer *can* rely on the employee, not whether it has chosen to.

The fourth factor also favors Kosinovsky, and it carries the most weight here because the inquiry is functional and specific to the subject matter of the deposition. LLNS's own procedure assigned Ranganathan to solicit feedback, write the annual summary, and assign the rating, and assigned Mohror, Kosiba, and Saini to supply the feedback. Those are the matters in the litigation. Four current employees who performed supervisory roles in the challenged process can be

United States District Court
Northern District of California

expected to identify with LLNS's interests rather than Kosinovsky's, which is the point of the managing-agent inquiry. *See Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012). *Young & Associates Public Relations, L.L.C. v. Delta Air Lines, Inc.*, which LLNS cites, held that employees who lacked discretion to make decisions for the corporation without approval were not managing agents, 216 F.R.D. 521, 523–24 (D. Utah 2003), but it did not hold that the first factor ends the analysis, and here the fourth factor and the close-question rule point the other way.

The court does not distinguish among the four. Ranganathan's role was larger: she gathered the feedback, wrote the summary, and assigned the rating. But the factors apply to the three project supervisors in the same way. None had general corporate powers, all answered to higher authority, all can be expected to testify at LLNS's request, and each was assigned a defined role in the appraisal that Kosinovsky challenges. The practical consequence confirms the result. If the court denied the request, Kosinovsky could subpoena the same four current employees under Rule 45 for the same hour of testimony each, and LLNS's counsel would defend the depositions either way. A contrary ruling would change the paper, not the depositions.

The question is at least close, and the court resolves it in favor of the depositions. Whether the witnesses' testimony binds LLNS is left for trial. *Symantec*, 2013 WL 503612, at *3.[13]

---

[13] In reaching this conclusion, the court considered whether the analysis differs for the three project supervisors. Ranganathan gathered the feedback, wrote the annual summary, and assigned the rating. The fourth factor favors treating her as a managing agent for the subject of the appraisal, and the question is close enough to resolve in favor of her deposition. Mohror, Kosiba, and Saini supplied feedback to her. Ranganathan arguably could describe what they gave her, and the three had no other role in the appraisal. Their general responsibilities respecting the matters in the litigation are more remote, and with the first and third factors also arguably favoring LLNS, Kosinovsky perhaps does not show as close a question as to them. Ultimately, though, the question is close.

## CONCLUSION

The court grants Kosinovsky's request. LLNS must produce Ranganathan, Mohror, Kosiba, and Saini for remote depositions on reasonable notice under Rule 30(b)(1). Each deposition is limited to one hour on the record and to the fiscal-year 2024 performance appraisal, including the feedback the witness gave or received and the preparation and revision of the appraisal. The parties must schedule the depositions consecutively where practicable. This resolves ECF No. 60.

**IT IS SO ORDERED.**

Dated: November 14, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California